IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOSE RAMON VALERO, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CV 125-030 |
| | ) |
| MERRICK GARLAND, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Ramon Valero, Jr., filed a 28 U.S.C. § 2241 petition based on alleged defects in his underlying criminal prosecution in the Southern District of Georgia. (See doc. no. 1; see also United States v. Valero, CR 121-013 (S.D. Ga. Feb. 3, 2021).) Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, marijuana, and one count of possession of firearms in furtherance of a drug trafficking crime. See CR 121-013, doc. no. 66 (Plea Agreement); doc. no. 165 (Amended Judgment). Petitioner did not appeal the original judgment, but he sought and obtained relief pursuant to 28 U.S.C. § 2255 to file an out-of-time appeal. CR 121-013, doc. nos. 97, 150, 162. Those appellate proceedings are pending in that the mandate of the Eleventh Circuit Court of Appeals has not issued, and upon return to the district court, the written judgment must be modified. See United States v. Valero, No. 23-13214, slip op. (11th Cir. Feb. 6, 2025); CR 121-013, doc. no. 187. Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings,

the Court **REPORTS** and **RECOMMENDS** the § 2241 petition be **DISMISSED** and this civil action be **CLOSED**.[1]

I.     **DISCUSSION**

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. However, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008). Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081-82 (11th Cir.) (*en banc*), *cert denied sub nom*. McCarthan v. Collins, 583 U.S. 1012 (2017). Petitioner bears the initial burden of establishing satisfaction of the savings clause, Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition. McCarthan, 851 F.3d at 1099. Importantly, the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255. Id. at 1093.

---

[1]Under Rule 1(b) of the Rules Governing Section 2254 Cases, those Rules also govern petitions filed pursuant to § 2241.

However, "absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." United States v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) (collecting cases supporting dismissal of § 2255 motions as premature while direct appeal pending); see also United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990) (*per curiam*). As the Eleventh Circuit has explained, "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013) (*per curiam*) (citing United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001) (*per curiam*)).

Here, the instant petition clearly challenges the validity of Petitioner's conviction that is on appeal, as he claims a Due Process violation and ineffective assistance of counsel invalidate his conviction and mandate his immediate release from prison. (See generally doc. no. 1.) However, such claims are routinely raised under § 2255, and Petitioner has failed to argue, let alone carry his burden to satisfy the savings clause by showing, a § 2255 motion is inadequate or ineffective to test his detention. Thus, the relief he seeks is properly raised in a § 2255 motion, not in a § 2241 petition. Nonetheless, the Court finds Petitioner's current filing is premature and should be dismissed without prejudice because Petitioner's direct appeal is currently still pending before the Eleventh Circuit - and will require further action by the district court upon return - and a review of Petitioner's current filing reveals no extraordinary circumstances warranting immediate review.

**II.   CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition for habeas corpus relief be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA